IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00369-PSF-CBS

STEFANIE SUE JONES,

     Plaintiff,

v.

THE UNITED STATES OF AMERICA, and
SAN LUIS VALLEY REGIONAL MEDICAL CENTER,

     Defendants.

_____

## ORDER ON PENDING MOTIONS
_____

     This matter initially comes before the Court of the motion (Dkt. # 51) of

Defendant San Luis Valley Regional Medical Center ("SLVRMC"), filed on January 19,

2006, to dismiss plaintiff's complaint against it on the grounds that the claims asserted

against it are barred by the applicable statutes of limitations or by the doctrine of

laches.  Plaintiff Stephanie Jones filed her opposition to the motion on January 24,

2006 (Dkt. # 53).  Defendant SLVRMC filed its reply on February 27, 2006 (Dkt. # 59).

     On March 31, 2006, Defendant SLVRMC filed an objection to this case being

heard before the Magistrate Judge (Dkt. # 62), which had been stipulated to by the

other parties on August 16, 2005, prior to the joinder of SLVRMC as a defendant

(*see* Dkt. # 20).  As a result of the objection filed by Defendant SLVRMC the case was

transferred back to the undersigned judge on May 2, 2006 (Dkt. # 67).  By stipulation of

the parties approved by the Court on May 5, 2006, discovery in this case was stayed

pending a ruling on the motion to dismiss.  Prior to the filing of the objection by

Defendant SLVRMC, this case had been set for a nine-day jury trial before Magistrate

Judge Boland to commence on January 16, 2007 (Dkt. # 60).

On June 14, 2006, plaintiff and Defendant SLVRMC filed a "stipulated" motion to

continue the trial date (Dkt. # 76) until such time as the motion to dismiss is ruled on

and discovery resumes (*id.* at 2).  Notwithstanding its caption, it is unclear whether

Defendant United States joined in that "stipulated" motion, which remains pending.

The above-described motions are now ripe for determination.

**BACKGROUND**

Plaintiff Stephanie Jones filed her original complaint in this Court on February

28, 2005 against Defendants Dr. Stephen Pilcher, a physician, and Valley-Wide Health

Systems, Inc. ("Valley Wide"), his employer, essentially alleging medical malpractice in

connection with medical procedures performed by Dr. Pilcher on plaintiff on April 15,

2002.  According to the complaint, on that date Dr. Pilcher delivered plaintiff's baby

and in connection therewith performed a vacuum-assisted vaginal delivery and a third-

degree episiotomy which extended into a "fourth degree tear."  Complaint, ¶ 16.

Plaintiff alleged that the services and follow-up care by Defendant Pilcher were

performed negligently and without informed consent.  Fraudulent concealment and

misrepresentation claims are also alleged against Dr. Pilcher.

On May 16, 2005, Defendant United States filed notice that is was substituting

itself as defendant for both Dr. Pilcher and Valley-Wide pursuant to the Federal Torts

Claims Act, 28 U.S.C. § 2679, as Valley-Wide was an entity of the Department of

2

Health and Human Services and Dr. Pilcher was acting in his official capacity as its employee in connection with the acts alleged (Dkt. # 8).  On the same date, Defendant United States filed its answer to the complaint.  As noted above, on August 16, 2005, plaintiff and Defendant United States consented to the case being tried before the Magistrate Judge.  By Order entered on August 17, 2005, this matter was referred to the Magistrate Judge for disposition (Dkt. # 22).

On November 23, 2005, plaintiff filed an "Unopposed Motion for Leave to File an Amended Complaint and Join Additional Parties" (Dkt. # 37), which sought to join SLVRMC, the hospital where the above-referenced procedure was performed, as a party defendant and to add a claim for negligence against the hospital.  For reasons that are not entirely clear from the record, plaintiff apparently notified the Magistrate Judge that she did not wish to proceed with the proposed amended complaint as tendered, and on December 8, 2005, the Magistrate Judge entered an order denying her motion for leave to amend (Dkt. # 39).  However, plaintiff also apparently indicated that she intended to submit a revised amended complaint (*see* Dkt. # 43) and apparently did so on or about December 9, 2005, which by separate order of the Magistrate Judge was accepted for filing on that date (Dkt. # 45).[1]

The Amended Complaint contains one cause of action against Defendant SLVRMC, set forth in the Fifth Claim for Relief, sounding in negligence and asserting

---

[1]   For reasons that are not clear, the Clerk's docket sheet also shows the filing of the Amended Complaint on December 13, 2005 under Docket Entry No. 46.  The two versions of the Amended Complaint do not appear to differ.  For purposes of this Order, the Court accepts the filing date of December 9, 2005, as set forth in the order of the Magistrate Judge.

that the hospital negligently failed to adequately investigate Dr. Pilcher's skill, training

and experience involving certain procedures, apparently including those performed

on plaintiff, failed to take other measure to protect hospital patients under his care

from injury, and as a result plaintiff was injured (Amended Complaint ¶¶ 44-46).

The Amended Complaint was served on Defendant SLVRMC on January 3, 2006

(Dkt. # 50).

**DEFENDANT'S MOTION AND PLAINTIFF'S RESPONSE**

Rather than filing an answer, Defendant SLVRMC filed its motion to dismiss on

January 19, 2006.  The motion contends that plaintiff's negligence claim against it is

barred by Colorado's statute of limitations pertaining to health care institutions, C.R.S.

§ 13-80-102.5(1), which provides in pertinent part:

> Except as otherwise provided in this section, no
> action alleging negligence, breach of contract, lack of
> informed consent, or other action arising in tort or contract to
> recover damages from any health care institution, . . . shall
> be maintained unless such action is instituted within two
> years after the date that such action accrues pursuant to
> section 13-80- 108(1), but in no event shall an action be
> brought more than three years after the act or omission
> which gave rise to the action.

Defendant SLVRMC first asserts that this action is barred under the two-year provision

of the statute, as plaintiff's cause of action accrued on April 15, 2002, the date of the

medical procedures performed by Dr. Pilcher, and she did not filed her complaint

against the hospital until December 9, 2005, more than three and one-half years

afterwards.  Alternatively, the hospital asserts the action is barred by the three-year

4

provision, because the lawsuit was not brought within three years of the act or omission that gave rise to the action.

Plaintiff contends that her claim is not barred because under C.R.S. § 13-80-108(1) her cause of action did not accrue until she discovered the negligence of the hospital, which she asserts occurred no earlier than March 20, 2004, when her successor physician essentially advised her by letter to look into the credentialing procedures of the hospital (Plaintiff's Opposition at 4).  Since she filed her amended complaint in December 2005, less than two years after March 2004, she claims the two-year statute does not bar her claim (*id*. at 5).  She argues that under Colorado law the issue of whether a plaintiff should have discovered the negligence of the defendant is a question of fact to be presented to a jury, citing to *Mastro v. Brodie*, 682 P.2d 1162 (Colo. 1984) and other cases (*id*. at 3-4).  Plaintiff appears to make no express response, however, to the argument that the three-year statute bars her claim against the hospital.

Defendant asserts in its reply that plaintiff's evidence of the letter from her successor physician should be disregarded as it is not pled as part of her complaint, but that even if that letter is taken into account, plaintiff has not demonstrated that she meets the three-year limitations period.  Defendant argues that plaintiff cannot meet any of the exceptions contained in C.R.S. § 13-80-102.5(3), and in particular the exception at C.R.S. § 13-80-102.5(3)(c) which provides that the limitations of action in section (1) do not apply "[i]f both the physical injury and its cause are not known or could not have been known by the exercise of reasonable diligence."

**ANALYSIS**

Although plaintiff is correct that the issue of whether the statute of limitations bars a particular claim is usually a fact question, Colorado cases also hold that "if the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the injury and its cause as of a particular date, the issue may be decided as a matter of law." *Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152, 159 (Colo. App. 1995); *see also Liscio v. Pinson*, 83 P.3d 1149, 1153 (Colo. App. 2003).

C.R.S. § 13-80-108(1) provides in pertinent part that a "a cause of action for injury to . . . person . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Plaintiff asserts that her cause of action against the hospital did not accrue because she claims she did not know of her injury and its cause, at least insofar as the defendant hospital is concerned, until March 2004, giving her two years thereafter to file her complaint against the hospital.

In the context of a medical malpractice claim, Colorado courts have held that "a claim accrues when a plaintiff has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another. A plaintiff need not know the specific acts of negligence committed by the defendant or the details of the evidence necessary to prove the claim." *Liscio, supra*, 83 P.3d at 1153. Rather, as stated in the *Mastro* case, involving alleged medical malpractice, cited by plaintiff, it has been held that it is

6

enough that a plaintiff "knew, or may reasonably be charged with knowledge of, sufficient facts to be aware that a claim existed more than two years before it was filed" for a statute of limitations to bar such a claim. *Mastro, supra*, 682 P.2d at 1169.  Here, plaintiff knew of her injury, and knew enough of its cause to bring a claim against Dr. Pilcher in January 2005.  She may well have known, or should be charged with knowledge, more than two years before she sued the hospital in December 2005 that she had a claim against it, and therefore under the application of C.R.S § 13-80-108(1) her claim against SLVRMC was filed untimely.

However, resolution of the pending motion to dismiss does not depend on the application of C.R.S § 13-80-108(1) nor a determination of when her claim accrued under that statute.  Here, because this is a claim against a health care institution, the applicable statute provides for an absolute three-year period of repose, stating that "in no event shall an action be brought more than three years after the act or omission which gave rise to the action."  C.R.S. § 13-80-102.5(1).  The act or omission that gave rise to plaintiff's claim, the alleged negligent credentialing of Dr. Pilcher, obviously occurred prior to plaintiff's surgery in April 2002.  Since her alleged "injury" from the alleged negligent act or omission occurred in April 2002, or shortly thereafter, the three- year period of repose would have run in or about April 2005, well before plaintiff filed her claim against the hospital.

This three-year period of repose is subject to three exceptions.  As defendant correctly argues, the only exception arguably pertinent to plaintiff's situation is C.R.S. § 13-80-102.5(3)(c), which provides that the limitations of action provided in subsection

7

(1), in this case the three-year period of repose, does not apply "[i]f both the physical injury and its cause are not known or could not have been known by the exercise of reasonable diligence."

Here, the physical injury was known to plaintiff in April 2002, or shortly thereafter. The cause of the injury, insofar as plaintiff alleges, was the hospital's alleged negligent credentialing of Dr, Pilcher, which not only could have been known, but which was actually known to plaintiff by March 2004.  Plaintiff states that by March 2004 she "had reason to suspect the hospital negligently credentialed Dr. Pilcher." Plaintiff's Response at 4.  Therefore, within three years of the event that gave rise to plaintiff's claim, the alleged negligent surgery by Dr. Pilcher performed in April 2002, plaintiff did have the knowledge that she may have a basis for bringing a claim against the hospital, but she failed to do so.  Under these circumstances, there is no reason to extend the three-year statute of repose on this claim.

Plaintiff appears to suggest that she did not have reason to sue the hospital until after the date she took a deposition of Dr. Pilcher who described how he was credentialed (Plaintiff's Response at 5).  Plaintiff does not state the date of the deposition, but in any event the Court finds that plaintiff had the requisite knowledge, or least could have by the exercise of reasonable diligence acquired all the knowledge needed, to bring her claim against the hospital, before that date.  Therefore the Court finds that the exception contained in C.R.S. § 13-80-102.5(3)(c) does not apply here to extend the statute of repose beyond the three-year period provided in C.R.S. § 13-80-102.5(1).

In reaching this conclusion, the Court is informed, in part, by the difference in the provisions of the two other exceptions contained in C.R.S. § 13-80-102.5(3).  Under subsection (a), which provides an exception from the three-year statute of repose in the event of knowing concealment by the tortfeasor, as well as under subsection (b), which provides an exception from the three-year statute of repose in a case where an unauthorized foreign object is left in the patient, the statutory language expressly provides that the claimant will be allowed an additional two years after the discovery of the act or omission that gives rise to the claim.  By contrast, under subsection (c) there is no provision for an additional two-year period within which to file the claim.  Thus, the Court reads subsection (c) to mean that the three-year period of repose expires three years after the "act or omission which gives rise to the action" unless both the "injury" and "its cause" are not known or discoverable "by the exercise of reasonable diligence" within the three-year period.  Here, where the "injury" was known in April 2002, and "its [alleged] cause" was known, or was at least reasonably discoverable, in March 2004, there is no basis for extending the three-year period of repose beyond April 2005.  Because plaintiff did file her claim against the hospital until December 2005, the Court finds that defendant's Motion to Dismiss must be granted.

In light of the dismissal of the plaintiff's claim against Defendant SLVRMC the Motion to Continue the Trial (Dkt. # 76) is denied as moot as Defendant United States was apparently not a party to that motion.

9

**CONCLUSION**

The Motion to Dismiss filed by Defendant SLVRMC (Dkt. # 51) is GRANTED, and plaintiff's Fifth Claim for Relief in the Amended Complaint is dismissed with prejudice.

The Stipulated Motion to Continue the Trial Date (Dkt. # 76) is DENIED as moot.

If the remaining parties wish to reinstate the consent to the jurisdiction of the Magistrate Judge, they may do so within ten days of this Order by filing a joint statement of consent.  If the parties do not consent to reinstate the jurisdiction of the Magistrate Judge, they shall appear before the Court on **August 23, 2006 at 10:00 a.m.** for a status conference to address whether the trial scheduled for January 16, 2007 shall proceed before the undersigned.

DATED:  July 24, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge